■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. HOMERO DIAZ, Appellant, v. DANIEL McMANN, as Warden of Clinton Prison, Respondent.— HERLIHY, J. Appeal from a judgment of the Supreme Court, Clinton County, which dismissed a writ of habeas corpus after a hearing. The briefs of both parties allege that pending this appeal the relator's sentence was vacated and a new sentence imposed on January 14, 1966. Accordingly, this appeal is rendered academic. (*People ex rel. Taylor v. McMann*, 24 A D 2d 1080, mot. for lv. to app. den. 17 N Y 2d 421.) For the reason set forth above, the appeal is dismissed as academic, without costs. Gibson, P. J., Reynolds and Staley, Jr., JJ., concur; Taylor, J., not voting.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DONALD E. DE GROAT, Appellant.— Appeal dismissed. The order sought to be reviewed is not appealable. (See Code Crim. Pro., § 517.) Gibson, P. J., Herlihy, Reynolds and Aulisi, JJ., concur; Taylor, J., not voting.

■ In the Matter of the Claim of WILLIE L. BONAPARTE, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— *Per Curiam.* Appeal by claimant from a decision of the Unemployment Insurance Appeal Board disqualifying claimant from receiving benefits on the ground that he refused employment without good cause. (Labor Law, § 593, subd. 2.) Claimant complains, not without reason, of the insufficiency and impropriety of the initial determination, which stated as the reason for the finding of a refusal of employment without good cause that: "The employer does not substantiate your contentions therefore deemed to be a refusal without good cause." Although this langauge may be susceptible of the construction that claimant's version was found not credible, we need not analyze or evaluate it as the subsequent Referee's decision and that of the board are on proper and sufficint grounds; these being, in substance, that the employer offered claimant re-employment as a truck driver at $100 for a five-day 40-hour week, that if the employer did not, as claimant anticipated it might not, comply substantially with the terms of hire, claimant could have left the employment with good cause, and "that claimant *has not established* good cause for refusing the job when he did." (Emphasis supplied.) The factual issues, including that of claimant's credibility, were for the board to resolve and we find in this record no ground upon which we could interfere with the board's determination. Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds and Aulisi, JJ., concur; Taylor, J., not voting.